JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Dorinza Johnson, appeals her conviction pursuant to a jury trial held in the common pleas court. After a thorough review of the arguments presented and for reasons set forth below, this court affirms the findings of the trial court.
 {¶ 2} Appellant was indicted on one count of assault of a peace officer, in violation of R.C. 2903.13. A jury trial commenced on September 29, 2004, and on October 1, 2004, the jury returned its verdict finding the appellant guilty as charged. On October 15, 2004, the appellant filed a motion for a new trial, which was denied by the trial court. On December 21, 2004, the trial court sentenced the appellant to one year of community control sanctions, but further held that the community control sanctions would terminate upon payment of restitution in the amount of $76. On January 10, 2005, the appellant paid restitution, and the community control sanctions were terminated.
 {¶ 3} The charge against the appellant arose from an incident that took place on the afternoon of December 1, 2004. That afternoon, Deputy Sherif Bruce Lourie was monitoring the east entrance of the Cuyahoga County Justice Center, which has two distinct entry ways. One entrance is for the general public and requires visitors to pass through a metal detector, while the other entrance is for Cuyahoga County employees and does not require passage through a metal detector. On the afternoon of the offense, the appellant entered the east entrance of the Justice Center through the employee entry way, despite the fact that she was not an employee. When Deputy Lourie observed the appellant, he immediately stopped her and asked if she was an employee. He testified that the appellant mumbled several inaudible words, turned around and proceeded through the entrance for the general public. When she walked through the metal detector, it was activated; Deputy Lourie asked her to empty her pockets and proceed through the metal detector a second time. Ignoring the deputy's request, the appellant did not empty her pockets and simply walked through the metal detector again, activating it for a second time. Deputy Lourie immediately ordered her to stop, but she continued to walk toward the escalators located in the lobby of the Justice Center. Deputy Lourie again called out to the appellant asking her to stop, but she continued to walk toward the escalators. He followed her up the escalator, placed his left hand on her shoulder and verbally ordered her to stop. In reaction to this, the appellant swung around and punched Deputy Lourie in the face with a closed fist. A struggle ensued between the appellant and the detective; however, the appellant was eventually subdued and taken into police custody when additional deputies responded to the incident. As a result of the incident, Deputy Lourie sustained injuries to his right arm and left hand.
 {¶ 4} Appellant now appeals asserting two assignments of error for our review:
 {¶ 5} "I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING OF GUILT AS TO THE CHARGE OF ASSAULT BECAUSE THE EVIDENCE DID NOT ESTABLISH THAT THE APPELLANT KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE HARM TO A PEACE OFFICER."
 {¶ 6} "II. APPELLANT'S ASSAULT CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Sufficiency of the Evidence {¶ 7} Where evidence is legally sufficient to support a conviction, the conviction cannot be overturned on the basis of insufficiency of evidence; however, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v. Virginia (1979), 443 U.S. 307. To properly review an argument based on sufficiency of the evidence, the appellate court must determine after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 8} After a thorough review of the record, this court finds that the evidence presented at trial was legally sufficient to support the appellant's conviction.
 {¶ 9} Appellant argues that the prosecution failed to prove beyond a reasonable doubt that she knowingly struck a peace officer, as required for the assault conviction. R.C. 2901.22(B) explains "knowingly" and states: "a person acts knowingly regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." When questioned on cross examination regarding the events that took place on the escalator, the appellant testified:
 {¶ 10} "I know that I turned and simultaneously when I turned, my hand came around to remove the person from me and it caught — hit the deputy's lip." (Tr. p. 292.)
 {¶ 11} On direct examination when asked about the incident the appellant stated:
 {¶ 12} "Before I actually entered the escalator, I was grabbed by my left shoulder. And when I was grabbed by my left shoulder, I simultaneously took my right arm around and it caught who we're saying now is Deputy Lourie's lip and scratched his lip. And at that time, after that — when I turned, I saw that it was a deputy, I saw the uniform, and I immediately dropped my guard, blacked out, went into shock and I didn't come back until I was on the floor." (Tr. p. 258.)
 {¶ 13} Despite the inconsistencies in the appellant's recollection of the events, it is apparent from either account that she was aware that her actions would result in her fist making contact with Deputy Lourie. When the deputy placed his hand on the appellant's shoulder and asked her to stop, she immediately swung around with her arm extended and hand balled into a fist. It is clear that the appellant intended for her fist to make contact with Deputy Lourie and was aware that such contact would result.
 {¶ 14} It is also clear that the appellant was aware that she was assaulting a peace officer. Deputy Lourie ordered the appellant to stop several times and even asked her to stop right after he placed his hand on her shoulder. Although the appellant maintains she did not hear him, several witnesses who observed the offense recall hearing Deputy Lourie ask the appellant to stop. Additionally, the appellant testified that she has never had any sort of hearing impairment and that she had no difficulty hearing Deputy Lourie's voice earlier when he asked her whether she was a county employee. When he placed his hand on the appellant's shoulder and verbally commanded her to stop, the appellant knew that he was behind her. The appellant was familiar with his voice due to their previous interaction and knew he was following her because of her noncompliance with the Justice Center's security policy. When the appellant hit Deputy Lourie, she was fully aware of his identity and knowingly assaulted him. Thus, the appellant's first assignment of error is without merit.
 Manifest Weight {¶ 15} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948), 150 Ohio St. 3030, 345. In the instant case, this court finds that the appellant's conviction is not against the manifest weight of the evidence.
 {¶ 16} Here the appellant argues that witness Kristine Karpinski's testimony is not credible on the basis that it is inconsistent with the testimony of three other witnesses who observed the incident. At trial, Karpinski, a Deputy Clerk for the Cuyahoga County Clerk of Courts, testified that she was on the second floor of the Justice Center with two co-workers when the incident between the appellant and Deputy Lourie occurred. On cross examination, Karpinski testified that the appellant turned around and looked at Deputy Lourie when he asked her to stop, which is inconsistent with the testimony of the other witnesses that the appellant did not look at Deputy Lourie when he asked her to stop. The appellant asserts that Karpinski's testimony lacks credibility, thus a conviction based upon this testimony is against the manifest weight of the evidence.
 {¶ 17} Karpinski's testimony does contain a slight deviation from the accounts of other witnesses; however, this deviation does not rise to a level of significance to support an argument that the appellant's conviction is against the manifest weight of the evidence. The testimony of each witness was consistent. Each witness heard Deputy Lourie verbally order the appellant to stop, while each witness either saw the appellant strike Deputy Lourie or heard the commotion associated with the incident. The inconsistencies between the witnesses' accounts are minute and lack significance. Thus, we find that the appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CALABRESE, JR., J., AND McMONAGLE, J., CONCUR.