JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Kevin McLean appeals his conviction for felonious assault under R.C. 2903.11, a felony of the second degree. McLean raises two assignments of error. For the reasons outlined below, we do not find merit in either assignment, and we affirm McLean's conviction.
 {¶ 2} McLean was indicted on two counts of felonious assault under R.C. 2903.11, involving an incident that occurred at the Blue Moose Eatery on December 28, 2003. At the conclusion of the state's case, McLean's Rule 29 motion was denied as to the first count, but granted in part on the second count with the court reducing that charge to simple assault, a misdemeanor of the first degree. The jury subsequently found McLean guilty on the first count of felonious assault and not guilty on the second count of simple assault. McLean was sentenced to a term of two years in prison on November 12, 2004. This appeal follows.
 {¶ 3} McLean was employed as a cook at the Blue Moose Eatery, which is a bar/restaurant facility in Parma, Ohio. The owner of the facility held a holiday party for the employees on December 28, 2003, at a time when the facility was also open to the public. The employees were treated to an open bar from 8:00 p.m. to at least 10:00 p.m. The general manager of the facility, Colleen Kowalski, who was also McLean's supervisor, was present, as were McLean and a number of employees, regular patrons, and members of the general public. It is undisputed that all parties involved were consuming alcohol.
 {¶ 4} At some point in the evening, McLean apparently tried to leave the bar carrying two beers. A regular patron, Brock Wypasek, and an employee, James O'Donnell, in the company of others, tried to stop McLean. Once outside in the parking lot, a confrontation occurred, and McLean punched Wypasek after Wypasek took the beers from McLean. McLean began pushing those outside and was attempting to start a fight. A struggle ensued, and Kowalski was informed of the problem and went outside to break it up. Once outside, Kowalski purportedly told McLean that he was fired. McLean grabbed Kowalski's hair, and she ended up on the ground with her finger in McLean's mouth. McLean then bit down on Kowalski's finger and would not release it. The individuals present struck McLean in an attempt to get him to release Kowalski's finger. After a period of between five and ten minutes, McLean bit off the end of Kowalski's finger and then spit the finger out. The testimony revealed McLean was growling and spitting blood and actually chewed on the finger.
 {¶ 5} Kowalski, Wypasek and McLean were all transported to the hospital after the police arrived. The severed portion of Kowalski's finger could not be reattached. Wypasek suffered a broken hand, and McLean suffered a broken orbital bone and a broken nose, in addition to other injuries.
 {¶ 6} The Parma police questioned McLean approximately one week after the incident, but he informed Detective Klein that he had no recollection of the events. He admitted smoking marijuana prior to the party and starting to drink at the party, but thereafter only remembers the police picking him up off the ground.
 {¶ 7} McLean raises two assignments of error for our review. McLean's first assignment of error states:
 {¶ 8} "The evidence presented at trial was insufficient to justify a conviction for felonious assault."
 {¶ 9} In his first assignment of error McLean raises a sufficiency argument, asserting that the cause of Kowalski's injury was "just as likely, if not more likely, the aggressive actions of the drunken onlookers rather than a knowing action on the part of Mr. McLean." We have previously held that "[a] challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the state met its burden of production at trial. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt. Id.; State v. Fryer (1993),90 Ohio App.3d 37. In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution. Id. at 43." See State v. Opalach, Cuyahoga App. No. 85540,2005-Ohio-5563.
 {¶ 10} McLean claims the evidence was insufficient as a matter of law because everyone involved was intoxicated and the aggressive efforts by onlookers to remove Kowalski's finger from McLean's mouth likely caused the finger to be severed. Although making a sufficiency argument, McLean specifically questions the credibility of the prosecution witnesses because of their inconsistent recollections regarding the time of the event and their admission of alcohol consumption. Further, McLean challenges whether the evidence demonstrates that he acted knowingly.
 {¶ 11} McLean was convicted of felonious assault under R.C.2903.11. In section 2903.11(A), felonious assault is defined:
 {¶ 12} "(A) No person shall knowingly do either of the following:
 {¶ 13} "(1) Cause serious physical harm to another * * *."
 {¶ 14} In this instance the testimony was clear that McLean was the initial aggressor. He challenged those outside to fight and struck Wypasek without provocation. Upon the arrival of Kowalski, he grabbed her hair and pulled her down, resulting in her finger being inserted in his mouth. For a period of between five and ten minutes, those present attempted to get McLean to release Kowalski's finger, even using physical force against McLean, but he would not relent. He released her only after biting off the finger. He then spat the finger out after chewing on it.
 {¶ 15} R.C. 2901.22(B) states that "[a] person acts knowingly regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." See, also, State v.Johnson, Cuyahoga App. No. 85866, 2005-Ohio-5559.
 {¶ 16} McLean had control of Kowalski's finger for at least five minutes and refused repeated requests, both verbal and physical, to release it. His conduct demonstrated a conscious decision not to release the finger until he had severed it. Under these circumstances, McLean acted knowingly.
 {¶ 17} Further, a review of the record demonstrates that although the witnesses disagreed on the precise time of the events and admitted to consuming alcohol, their collective recollection of McLean's conduct was consistent. McLean was the clear aggressor. He caused serious physical harm. No evidence established that anything other than McLean's conscious decision to bite down on the finger was the cause of its being severed. The evidence established that McLean acted knowingly.
 {¶ 18} For these reasons, we find McLean's conviction was supported by sufficient evidence and reject McLean's first assignment of error.
 {¶ 19} McLean's second assignment of error reads as follows:
 {¶ 20} "In violation of due process, the guilty verdict was entered against the manifest weight of the evidence."
 {¶ 21} McLean asserts that the jury "lost its way" because the credibility of the state's witnesses was negatively impacted by their consumption of alcohol and their aggressive actions toward McLean in attempting to release Kowalski's finger.
 {¶ 22} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury `clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal citations omitted).
 {¶ 23} Under the first assignment of error we discussed how the state's witnesses, despite their consumption of alcohol, gave consistent testimony about McLean's conduct. Again, McLean was consistently portrayed as the aggressor, and he initiated the physical contact with Kowalski by grabbing her hair and pulling her to the ground. The overwhelming evidence was that he had control of Kowalski's finger for at least five minutes and refused repeated attempts to release it. Further, McLean was consistently portrayed as being the one who was voluntarily intoxicated. The evidence demonstrates that he was unable to remember events that transpired from the time he started drinking until the police picked him up to transport him to the hospital.
 {¶ 24} There was substantial evidence on all the elements for a jury to reasonably conclude beyond a reasonable doubt that McLean committed the offense of felonious assault.
 {¶ 25} For the above reasons, we reject McLean's second assignment of error and affirm the decision of the trial court and the conviction.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Karpinski, J., concur.